KATIE E. BRISCOE (STATE BAR NO. 287629)
kbriscoe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900

ANNIE H. CHEN (STATE BAR NO. 292032)
annie.chen@orrick.com
LAUREN R. LEIBOVITCH (STATE BAR NO. 323230)
lleibovitch@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
US FOODS, INC.


SHAUN C. SETAREH (STATE BAR NO. 204514)
shaun@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Dr., Suite 100
Beverly Hills, CA 90210
Telephone: +1 310 888 7771
Facsimile:  +1 310 888 0109

Attorney for Plaintiff
ANTHONY GAUDIO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GAUDIO, on behalf of himself and all other current and former non-exempt employees,<br><br>                    Plaintiff,<br><br>          v.<br><br>US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 2:25-cv-02859-DAD-SCR<br><br>**JOINT STATUS REPORT**<br><br>DATE:    February 23, 2026<br>TIME:     1:30 p.m.<br>CTRM:    4<br>JUDGE:   Hon. Dale A. Drozd |

JOINT STATUS REPORT [CASE NO. 2:25-CV-02859-DAD-SCR]

Pursuant to Rules 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Status (Pretrial Scheduling) Conference, Defendant US Foods, Inc. ("US Foods"), by and through its counsel of record, and Plaintiff Anthony Gaudio ("Plaintiff") by and through his counsel of record, hereby submit the following Joint Status Report outlining the topics discussed in the Conference of the Parties which took place by email and telephone on January 26, 2026.

### A.     Brief Summary of Claims and Legal Theories

#### 1.     *Plaintiff*

Plaintiff Anthony Gaudio brings this putative class action against Defendants US Foods, Inc. and DOES 1–50 for alleged violations of California wage and hour laws. Plaintiff, a former non-exempt employee, seeks to represent the Hourly Employee Class, Expense Reimbursement Class, Wage Statement Penalties Sub-Class, Waiting Time Penalties Sub-Class, and UCL Class.

The Complaint alleges that Defendants failed to pay employees for all hours worked, including uncompensated pre- and post-shift work, paid employees on a piece-rate basis without compensating for all hours worked, failed to reimburse necessary business expenses, provided inaccurate itemized wage statements, and failed to timely pay all final wages upon separation. Plaintiff asserts claims for failure to pay minimum and overtime wages in violation of Labor Code sections 223, 510, 1194, 1197, and 1198; failure to reimburse business expenses in violation of Labor Code section 2802 and applicable Wage Orders; failure to provide accurate wage statements in violation of Labor Code section 226(a); failure to timely pay final wages in violation of Labor Code sections 201–203; and unfair competition in violation of Business and Professions Code section 17200. Plaintiff seeks class certification, unpaid wages, penalties, restitution, injunctive relief, interest, costs, and attorneys' fees.

#### 2.     *US Foods*

Plaintiff's lawsuit is a second-filed, duplicative, wage-and-hour class action involving US Foods' hourly, non-exempt employees in California. The earlier-filed of these lawsuits, *Steven Thomas Attebery v. US Foods, Inc*., Case Number 1:22-cv-01352-JLT-FRS (SKO), is pending in this District. The *Attebery* parties have been engaged in settlement discussions. Should the *Attebery* parties resolve the earlier-filed matter on a classwide basis, and the *Attebery* court approve the

JOINT STATUS REPORT [CASE NO. 2:25-CV-02859-DAD-SCR]

settlement, a final judgment on the merits will bar Plaintiff's claims on behalf of the overlapping group of US Foods' California, non-exempt employees. To this end, US Foods has filed a Motion to Dismiss or Stay this Action pending resolution of the *Attebery* action.

Further, US Foods denies each and every one of Plaintiff's claims, and it asserts that Plaintiff's proposed class is impossibly overbroad, vague and confusing. For example, the proposed putative class include all persons employed by US Foods whether directly or indirectly through any staffing agencies and/or third parties in an hourly or non-exempt position in California during the proposed class period. The proposed definition would sweep in any individuals who performed any sort of work for US Foods. And even where the proposed class is limited US Foods' employees, Plaintiff's proposed definition would include both union and non-union individuals who work at multiple US Foods California locations, under different supervisors, across multiple job types and subject to different collective bargaining agreements. Therefore, US Food's position is that the putative class members cannot be certified and cannot proceed on a class wide basis.

US Foods further denies that Plaintiff is a suitable class representative; denies that it owes Plaintiff and the putative class members unpaid minimum and/or overtime wages; denies that it failed to provide Plaintiff and the putative class members with necessary business expenditures; denies that it failed to provide Plaintiff and the putative class members with complete and accurate wage statements; and denies that it failed to timely pay Plaintiff and the putative class members all final wages. US Foods maintains that it is not liable to Plaintiff and the putative class members in any amount.

**B.      Status of Service Upon All Defendants and Cross-Defendants**

US Foods has been served with the Summons and Complaint. There are no additional parties to be served.

**C.      Possible Joinder of Additional Parties**

No additional parties are contemplated for joinder at this time.

**D.      Contemplated Amendments to Pleadings**

The Parties do not presently intend to amend any pleadings.

**E.      Statutory Bases for Jurisdiction and Venue**

On October 3, 2025, US Foods removed this action from San Joaquin County Superior Court to the Eastern District of California pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff does not intend to seek to remand this matter, and the Parties agree that the Court has subject matter jurisdiction under CAFA because it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  The Parties also agree that venue is proper in this District because it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

**F.      Anticipated Discovery and the Scheduling of Discovery**

*1.      What Changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;*

The Parties do not believe, at this time, that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The Parties agreed that the Rule 26(a)(1) initial disclosures shall be made two weeks after the Court's Order on US Foods' pending Motion to Dismiss and/or Stay.

*2.      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;*

a)      <u>Plaintiff</u>

Plaintiffs anticipate discovery being completed within 8-10 months, and do not request discovery to be conducted in phases.

b)      <u>US Foods</u>

Should this matter proceed to discovery (as opposed to being dismissed or stayed), US Foods anticipates seeking discovery on Plaintiff's allegations contained in the Complaint and information related to US Foods' defenses.

JOINT STATUS REPORT [CASE NO. 2:25-CV-02859-DAD-SCR]

For purposes of efficiency and proportionality, US Foods also requests that the Court bifurcate the discovery process into phases such that all discovery in Phase I shall be limited to facts that are relevant to whether this action should be certified as a class action, including discovery as to the named Plaintiff, with merits-based discovery commencing in Phase II if and when the class is certified. Bifurcating discovery under US Foods' proposed phases will further efficiency by allowing the Parties to focus on the issues of class certification and would achieve proportionality in the discovery process.

        3.    *What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed*;

        a)    <u>Plaintiff</u>

Plaintiffs do not anticipate any changes needing to be made to the limitations on discovery imposed.

        b)    <u>US Foods</u>

At this time, US Foods does not believe changes to the limitations on discovery imposed under the FRCP or local rules are necessary. However, US Foods reserves the right to seek leave of the Court to depose Plaintiff beyond the seven-hour limit imposed by Rule 30(d)(1) if further investigation and discovery establish that a longer time limit is appropriate or necessary. US Foods also reserves the right to seek leave of the Court to go beyond the ten (10) deposition limit imposed by Rule 30(a)(2)(A) depending on the number of putative class member declarations Plaintiff submits.

        4.    *The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)*; and

        a)    <u>Plaintiff</u>

The timing of disclosure of expert witnesses and information required by Rule 26(a)(2) shall be 90 days before the proposed trial date, January 26, 2027.

JOINT STATUS REPORT [CASE NO. 2:25-CV-02859-DAD-SCR]

b)    US Foods

US Foods believes that it is premature to address dates for designation of expert witnesses as to and information required by Rule 26(a)(2) in light of US Foods' pending Motion to Dismiss or Stay. Should the matter proceed (as opposed to being dismissed or stayed), US Foods proposes that disclosures of expert witnesses relevant to whether this case should be certified as a class action should be completed by Plaintiff no later than 60 days before Plaintiff files his motion for class certification, and by US Foods no later than 30 days before Plaintiff files his motion for class certification, to allow sufficient time for such experts to be deposed and for preparation of any potential *Daubert* motions. Aside from disclosures of expert witnesses relevant to whether this action should be certified as a class action, US Foods respectfully requests that the Court first adjudicate any motion for class certification that Plaintiff may file, and then set dates for designation of expert witnesses as to and information required by Rule 26(a)(2) at a later scheduling conference.

5.    *Proposed dates for discovery cut-off.*

a)    Plaintiff

The proposed date for discovery cut-off is 30 days prior to the proposed trial date, March 26, 2027.

b)    US Foods

US Foods believes that it is premature to propose dates for discovery cut-off in light of US Foods' pending Motion to Dismiss or Stay. Should the Court require a discovery cut-off date to be set in this matter, US Foods proposes the following dates:

| Event | Proposed Date |
|---|---|
| Close of class cert fact discovery | September 17, 2027 |
| Last day to serve class cert expert reports | October 21, 2027 |
| Last day to serve class cert rebuttal expert reports | November 19, 2027 |
| Last day to file motion for class certification | December 16, 2027 |
| Close of class merits fact discovery on | March 23, 2028 |

JOINT STATUS REPORT [CASE NO. 2:25-CV-02859-DAD-SCR]

| Last day to serve merits expert reports | May 18, 2028 |
|---|---|
| Last day to serve merits rebuttal expert reports | June 16, 2028 |

**G.      Contemplated Dispositive or Other Motions**

*1.      Plaintiff*

Plaintiffs do not anticipate making any dispositive motions but reserve the right to do so if necessary.

*2.      US Foods*

US Foods anticipates filing a motion for summary judgment and/or partial summary judgment.  US Foods also anticipates opposing Plaintiff's motion for class certification, potentially filing its own motion to deny class certification, and filing a motion to decertify the class (should a class be certified). US Foods will also file discovery and pre-trial motions as necessary.

**H.      Methods to Avoid Unnecessary Proof and Cumulative Evidence**

*1.      Plaintiff*

Plaintiffs do not anticipate any limitations or restrictions on the use of testimony.

*2.      US Foods*

Two most consequential to the case that if narrowed would avoid unnecessary proof and cumulative evidence are: (1) whether Plaintiff and/or putative class members' claims are barred under the doctrine of res judicata where there is a final judgment on the merits in the earlier-filed, duplicative actions against US Foods, including the *Attebery* action and the *Carrell Hawkins v. Catalyst Forward Group, et al.*, Case No. 830-2021-01197275-CU-OE-CXC in Orange County Superior Court; and (2) whether Plaintiff can satisfy the requirements for Rule 23 class action and represent the class of employees whom she seeks to represent.

Addressing whether Plaintiff and/or putative class members' claims are precluded under res judicata through a dispositive motion will potentially reduce the number of witnesses and scope of testimony to be presented at trial.

Addressing whether Plaintiff's proposed classes should be narrowed through Plaintiff's

7

motion for class certification and/or US Foods' preemptive motion to decertify the class will potentially reduce the number of witnesses and scope of testimony to be presented at trial.

**I.      Proposed Date for Final Pretrial Conference**

*1.      Plaintiff*

Plaintiffs propose the pretrial conference date 90 days prior to the proposed trial date, January 26, 2027.

*2.      US Foods*

US Foods believes that it is premature to propose dates for a final pretrial conference in light of US Foods' pending Motion to Dismiss or Stay. Should the Court require a final pretrial conference to be set in this matter, US Foods proposes the following date: September 16, 2028.

**J.      Proposed Date for Trial, Estimate Number of Days, and Whether Any Party Has Demanded a Jury**

*1.      Plaintiff*

Plaintiff proposes trial to begin April 26, 2027. Plaintiffs anticipate 5-7 days needed for trial. Plaintiff is demanding a jury.

*2.      US Foods*

US Foods believes that it is premature to address dates for designation of expert witnesses as to and information required by Rule 26(a)(2) in light of US Foods' pending Motion to Dismiss or Stay. Should the Court require a trial to be set in this matter, US Foods proposes the following date: October 16, 2028. US Foods anticipate 5 days for trial if no class is certified and 20 days if a class is certified. Plaintiff has demanded a jury trial.

**K.      Appropriateness of Special Procedures**

The Parties do not believe that special procedures are appropriate at this time.

**L.      Proposed Modification of Standard Pretrial Procedures**

The Parties do not propose any modifications of standard pretrial procedures.

**M.      Whether the Case is Related to Any Other Case Pending in This District**

This case is related to the *Steven Thomas Attebery v. US Foods, Inc.*, Case Number 1:22-cv-01352-JLT-FRS (SKO) matter, which is pending in this District.

**N.    Optimal Timing and Method for Settlement Discussions**

*1.    Plaintiff*

Plaintiffs are open to going to private mediation.

*2.    US Foods*

In light of the earlier-filed *Attebery* action, US Foods is currently not amenable to pursuing resolution on a class-wide basis through a court-convened settlement conference. Should Plaintiff agree to resolve his claim on an individual basis, US Foods would be willing to revisit potential resolution of this action at that time through a settlement conference or private mediation.

**O.    Other Matters That May be Conducive to the Just and Expeditious Disposition Of this Case**

There are no other matters that may facilitate the just and expeditious disposition of this matter at this time.

Dated: February 9, 2026

KATIE E. BRISCOE
ANNIE H. CHEN
LAUREN R. LEIBOVITCH
Orrick, Herrington & Sutcliffe LLP

By:    */s/ Annie H. Chen*
ANNIE H. CHEN
Attorneys for Defendant
US FOODS, INC.

Dated: February 9, 2026

SHAUN SETAREH
Setareh Law Group

By: */s/ Shaun Setareh* (as authorized on February 9, 2026)
SHAUN SETAREH
Attorneys for Plaintiff
ANTHONY GAUDIO