**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY GAUDIO, on behalf of himself and all other current and former non-exempt employees,<br><br>Plaintiffs,<br><br>v.<br><br>US FOODS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS U.S. FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02859 JLT FJS<br><br>ORDER DENYING WITHOUT PREJUDICE UNOPPOSED MOTION TO DISMISS<br><br>(Doc. 9.) |

This case is related to two other matters assigned to the undersigned: *Attebery v. U.S. Foods, Inc., et al.*, No. 1:22-cv-01352 JLT FJS, and *Moreno v. U.S. Foods Inc., et al.*, No. 2:26-cv-01523 JLT FJS. On October 21, 2025, while this case was assigned to a different judge in this District, Defendant filed a motion to dismiss or alternatively stay this action on the ground that it is entirely subsumed within the earlier-filed *Attebery* action. (Doc. 9.) On July 8, 2026, the case was reassigned to the undersigned. (Doc. 24.) A routine review of the docket reveals that no opposition was ever filed.[1]

As mentioned in the motion to dismiss (Doc. 10 at 7), two other, even earlier-filed overlapping

[1] Pursuant to Local Rule 230(c), the failure to file a timely opposition may be construed as a party's non-opposition to the motion.

lawsuits, *Felipe Osorio v. US Foods, Inc.*, Los Angeles County Superior Court, Case No. 20STCV46858, and *Hawkins v. US Foods, Inc.*, Orange County Superior Court Case No. 30-2021-01197275, resolved by way of settlement prior to the filing of the pending motion. (*Attebery*, Doc. 18 at 5–6; *Attebery*, Doc. 40, ¶¶ 7–8.) On March 11, 2024, the Court required the *Attebery* parties to file a joint status report addressing the *res judicata* effect of *Hawkins* and/or *Osorio* on *Attebery*. (*Attebery*, Doc. 18 at 9–10.) In response, the *Attebery* parties indicated that *Hawkins* would have preclusive effect on *Attebery* and that "once the *Hawkins* settlement is approved and there is a final judgment on the merits, the Parties will discuss settlement of the *Attebery* matter on an individual basis and seek Court approval of the individual settlement and dismissal of the *Attebery* putative class claims." (*Attebery*, Doc. 19 at 6.) According to an August 2026 status report filed in *Attebery*, the parties in *Hawkins* obtained final approval of the class and PAGA settlement agreement on June 16, 2025; the *Hawkins* defendants funded the settlement; and the *Hawkins* administrator has disbursed the funds. (*Attebery*, Doc. 40 at 4.) The Court granted the *Attebery* parties' request to continue the initial scheduling conference in that case until November 23, 2026 to allow those parties discuss potential resolution of Attebery's individual claims. (*Id.*; *see also Attebery* Doc. 42.)

Under these circumstances, it would be inappropriate and a waste of judicial resources to address the pending motion to dismiss this action, which is entirely premised upon *Attebery*'s earlier filing. For one thing, if *Attebery* resolves by way of settlement of the individual plaintiff's claims, it is unclear how the first-to-file rule would apply to *Gaudio*. Moreover, given the undisputed overlap between *Attebery* and *Gaudio*, it seems likely that *Hawkins* would have at least some preclusive effect on the class claims brought in *Gaudio*. Finally, whether Mr. Gaudio was covered by or opted out of *Hawkins* or any other potentially overlapping class action settlement remains unclear on this record. For all these reasons, the motion to dismiss is **DENIED WITHOUT PREJUDICE** because it is premised on a stale record.

///

///

///

///

## CONCLUSION AND ORDER

For the reasons set forth above:

1. The motion to dismiss (Doc. 9) is **DENIED WITHOUT PREJUDICE**.[2]
2. Within 21 days of the date of this Order, the Parties shall meet and confer to propose a schedule for any next steps in this case. If the parties agree that the case should be stayed until after Attebery resolves, they **SHALL** submit a stipulation to that effect. If the parties cannot reach agreement, they **SHALL** submit a joint status report concisely presenting their positions.

IT IS SO ORDERED.

Dated: September 30, 2026

UNITED STATES DISTRICT JUDGE

[2] The Court specifically finds that, if appropriate, Defendant may renew the motion notwithstanding the deadlines set forth in Fed. R. Civ. P. 12. The parties **SHALL** discuss a schedule for any such renewed motion when they meet and confer pursuant to the Court's instructions in this order.